UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| MICHAEL TUTT, | ) |
| Plaintiff, | ) Case No. 6:20-cv-075-HRW |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| JOHN DOE, *et al.*, | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael Tutt is an inmate confined at the Elkton Federal Correctional Institution ("FCI") in Lisbon, Ohio. Proceeding without an attorney, Tutt has filed a civil rights action against officials in Laurel County, Kentucky, pursuant to 42 U.S.C. § 1983. [D.E. No. 6] Tutt has also paid the $350.00 filing fee and the $50.00 administrative fee. [D.E. No. 7]

The Court must conduct a preliminary review of Tutt's complaint because he asserts claims against government officials. 28 U.S.C. §§ 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court evaluates Tutt's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v.*

1

*Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Tutt alleges that, notwithstanding that he was in protective custody at the Laurel County Correctional Center with a "keep apart" order in place directing that he not be housed or in contact with his co-defendant Brandon Rush, on August 29, 2018, Defendants Sgt. Travis Cathers, Officer Logan Medlock, and Officer Jeremy Hubbard conspired to place Rush in Tutt's cell. [D.E. No. 6 at p. 2-3] Rush immediately attacked and assaulted Tutt, caused Tutt to suffer physical injury. [*Id*. at p. 3] Based on these allegations, Tutt claims that Cathers, Medlock and Hubbard's actions violated his Eighth Amendment rights. [*Id*. at p. 4] He also names Laurel County Sheriff John Root and Laurel County Jailer Jamie Mosley as Defendants. [*Id*. at p. 1] As relief, Tutt seeks $300,000.00 in monetary damages. [*Id*. at p. 8]

After reviewing the complaint pursuant to 28 U.S.C. §§ 1915A, the Court finds that a response is required from Defendants Cathers, Medlock, and Hubbard with respect to Tutt's claims against them. In light of Tutt's current incarceration, the Clerk's Office and the United States Marshals Service ("USMS") will serve Defendants Cathers, Medlock, and Hubbard with a summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, Tutt's claims against Laurel County Sheriff John Root and Laurel County Jailer Jamie Mosley will be dismissed for failure to state a claim for which relief may be granted, as Tutt fails to allege what either of these Defendants did or did not do in violation of Tutt's constitutional rights. Federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Moreover, personal liability in a § 1983 action hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Tutt's complaint makes no allegations at all against Root or Mosley, much less allegations that either of them were personally involved in conduct that violated Tutt's Eighth Amendment rights. To the extent that Tutt seeks to hold Root and/or Mosley responsible for the conduct of their employees, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676;

3

*see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, the mere fact that a defendant acted in a supervisory capacity is not enough because *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County*, 454 U.S. at 325-26. Because Tutt does not allege that either Root or Mosley were personally involved in any conduct that violated Tutt's constitutional rights, the Court will dismiss Tutt's claims against Root and Mosley without prejudice.

    Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff Michael Tutt's claims against Defendants Laurel County Sheriff John Root and Laurel County Jailer Jamie Mosley are **DISMISSED WITHOUT PREJUDICE** and these Defendants are **DISMISSED AS PARTIES**.

2. The London Deputy Clerk shall prepare a "Service Packet" for service upon Defendants Officer Jeremy Hubbard, Officer Logan Medlock, and Sergeant Travis Cathers. Each Service Packet shall include:

   a. a completed summons form;

   b. the complaint [D.E. No. 6];

   c. this Order; and

    d. a completed USM Form 285.

3. The London Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

4. The USMS shall make arrangements with the appropriate officials at the Laurel County Correctional Center to personally serve Defendants Officer Jeremy Hubbard, Officer Logan Medlock, and Sergeant Travis Cathers with a Service Packet at the Laurel County Correctional Center, 204 W. 4th Street, London, Kentucky, 40741.

5. Tutt must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

6. If Tutt wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Tutt files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This the 25th day of June, 2020.



Signed By:
_Henry R Wilhoit Jr._
**United States District Judge**

5