UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

MICHAEL TUTT,                                )
                                             )
    Plaintiff,                            )     Case No. 6:20-cv-075-HRW
                                             )
v.                                           )
                                             )     **MEMORANDUM OPINION**
SGT. TRAVIS CATHERS, et al.,                 )     **AND ORDER**
                                             )
    Defendants.                           )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael Tutt previously filed a civil action pursuant to 42 U.S.C. § 1983 against Defendants Officer Jeremy Hubbard, Officer Logan Medlock, and Sergeant Travis Cathers, alleging that the Defendants failed to protect him while he was in custody at the Laurel County Correctional Center ("LCCC"), in violation of his Eighth Amendment rights. [D.E. No. 6] Defendant Cathers, through counsel, has filed a motion to dismiss Tutt's amended complaint as untimely. [D.E. No. 15] Tutt has filed a response [D.E. No. 20] and Cathers has filed a reply. [D.E. No. 21, 25] Tutt has also filed a letter responding to an exhibit submitted by Cathers in his reply, which the Court will construe as a sur-reply. [D.E. No. 26][1] Thus, this matter has been fully briefed and is ripe for review.

---

[1] The Court's Local Rules do not contemplate or permit the filing of a sur-reply, LR 7.1(c), (g), and hence such filings are not permitted absent leave of the Court. Such

1

# I.

Tutt's amended complaint alleges that, while he was housed at the LCCC as a pre-trial detainee, he was placed in protective custody with a "keep apart" order in place directing that he not be housed or in contact with his co-defendant Brandon Rush. Tutt alleges that, notwithstanding this order, on August 29, 2018, Defendants Cathers, Medlock, and Hubbard conspired to place Rush in Tutt's cell. [D.E. No. 6 at p. 2-3] Tutt claims that Rush immediately attacked and assaulted Tutt, causing Tutt to suffer physical injury. [*Id*. at p. 3] Based on these allegations, Tutt claims that Cathers, Medlock and Hubbard failed to protect him in violation of his Eighth Amendment rights. [*Id*. at p. 4]

In his motion to dismiss, Cathers argues that Tutt's Eighth Amendment claim against him is barred by the applicable one-year statute of limitations because, although the complaint plainly alleges that the event giving rise to Tutt's claim occurred on August 29, 2018, he did not file his complaint in this case until March 27, 2020. [D.E. No. 15-1]

---

leave is only granted to address arguments or evidence raised for the first time in a reply. *Key v. Shelby County*, 551 F. App'x 262, 265 (6th Cir. 2014) (citing *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481 (6th Cir. 2003)). Because Cathers attached an Exhibit to his reply [D.E. No. 21, 25], the Court finds that Tutt's sur-reply is appropriate, as it was the first time that he had an opportunity to address the Exhibit. Accordingly, the Court will construe Tutt's letter [D.E. No. 26] as a motion seeking leave to file a sur-reply, which will be granted.

In response, Tutt concedes that his initial complaint in this action was not filed until March 27, 2020, thus it was not filed within the one-year statute of limitations. [D.E. No. 20] However, Tutt requests that the Court apply the "prison mailbox rule" and deem his complaint to have been filed on February 13, 2019, the date that he claims that he placed a prior complaint "in the jail's inmate mail by placing it between the cell door and door jam for prison officials to pick-up to forward to the U.S. Postal Service for delivery to this Court. There was no formal procedure for the sending of legal mail." [D.E. No. 20-1] After a year passed and he did not receive a response to this complaint, he wrote a letter to the Clerk of the Court to inquire into the status of his case. [D.E. No. 20] Upon learning that the Clerk's Office never received the complaint that he placed in his cell door, he then filed his complaint in this action on March 27, 2020. [*Id.*] He now requests that the Court deem his March 2020 complaint as having been filed when he claims to have placed his prior complaint in his cell door in February 2019.

## II.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir.

2014). Because Plaintiff is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Generally speaking, because a Rule 12(b)(6) motion considers only the allegations in the complaint, such a motion "is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations.'" *See Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547) (6th Cir. 2012)). However, "when 'the allegations in the complaint affirmatively show that the claim is time-barred...dismissing the claim under Rule 12(b)(6) is appropriate.'" *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016) (quoting *Cataldo*, 676 F.3d at 547) (other citation omitted) (alterations in original). In such circumstances, if the defendant meets its initial burden to show that the statute of limitations has run, "then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Lutz*, 717 F.3d at 464. *See also Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) ("When it affirmatively appears from the face of the complaint that the time for bringing the claim has passed, the plaintiff cannot "escape the statute by saying nothing.") (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)) (other citation omitted).

### III.

### A.

In this case, neither party disputes that Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a), applies to civil rights claims brought pursuant to 42 U.S.C. § 1983, such as the claims asserted by Tutt. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Thus, Tutt was required to bring his Eighth Amendment claims within one year from the date on which his claim accrued. K.R.S. § 413.140(1)(a). For statute of limitations purposes, a claim accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired. *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)). *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

Here, Tutt's amended complaint affirmatively states that the event giving rise to his complaint occurred on August 29, 2018, when he was placed in the same cell

5

as another inmate from whom he was supposed to be kept apart and that inmate allegedly assaulted and injured him. [D.E. No. 6] Thus, Tutt's claim accrued on August 29, 2018, the date on which he was assaulted and injured, which means that he had one year from that date (or until August 29, 2019) within which to file his complaint.[2]

However, Tutt's initial complaint filed in this case was not received by the Clerk of the Court until March 27, 2020. Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988) to civil matters). Ordinarily, the Court presumes that this occurs on the date the complaint is signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Here, Tutt does not indicate the date that he signed the complaint that he submitted to the Court in March

---

[2] As a prisoner, prior to filing his lawsuit, Tutt was required to first exhaust his available administrative remedies. 42 USC § 1997e(a). *See also Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006). When a claimant is required to exhaust such remedies before bringing suit, the limitations period is tolled while he or she does so, as long as such remedies are pursued diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Here, however, Tutt admits that he did not pursue his administrative remedies, claiming that he was transferred soon after the assault, thus he was unable to obtain the LCDC grievance forms. [D.E. No. 5] While the Court declines to decide whether Tutt has adequately alleged that the LCCC administrative remedies were unavailable to him, the Court notes that, because he did not pursue any administrative remedies, the statute of limitations was not tolled for this reason.

6

2020. Rather, in the "Certificate of Service" of the March 2020 complaint, he states that he gave his complaint to jail officials on February 13, 2019, referring to the date that he claims that he previously put a copy of a complaint in his cell door. [D.E. No. 1 at p. 3] However, he concedes in the March 2020 complaint that it is *not* the same complaint that he claims he left in his cell door in February 2019, explaining that his prior complaint was handwritten and the typed complaint that he filed in March 2020 was re-created from his memory. [D.E. No. 1 at p. 2, n. 1]

Tutt requests that this Court apply the prison mailbox rule and deem his March 2020 complaint as having been filed on February 13, 2019, the date that he claims the he left his prior complaint in his cell door for pick-up by jail officials. [Record No. 20] Tutt relies on *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002), a case in which the prisoner plaintiff (who, unlike Tutt, had missed filing his complaint within the applicable deadline by only a few days) presented evidence that he submitted his complaint to prison officials for mailing prior to the expiration of the one-year statute of limitations and defendants offered no evidence to rebut the plaintiff's statements. However, in *Richard*, the plaintiff's complaint that he had handed over to prison officials was the same complaint that was received and stamped "filed" by the court clerk. *Id*. at 813. In contrast, the complaint that Tutt claims that he placed in his cell door in February 2019 has never been received by the Clerk of the Court. Thus, Tutt requests that this Court apply the prison mailbox

7

rule to save a *different* complaint – one that he claims to have re-created from memory – that he did not hand over for filing until at least March 24, 2020.[3]

Tutt's March 2020 complaint also cannot be saved by his admitted "backdating" of his March 2020 complaint to state that it was filed in February 2019, when he placed a different complaint in his cell door.  In *Brand v. Motley*, 526 F. 3d 921 (6th Cir. 2008), the Sixth Circuit noted that the prison mailbox rule is based on the assumption that "*absent contrary evidence*," a prisoner hands his complaint over for mailing on the date he or she signed the complaint."  *Brand*, 526 F.3d at 925. *See also United States v. Buck*, No. 1: 09-CR-432, 2011 WL 4073878, at *1-2 (N.D. Ohio Sept. 13, 2011) ("A petitioner's signature need not be blindly credited where 'contrary evidence' indicates untimely filing..."); *Grady v. United States*, 269 F.3d 913, 916-17 (8th Cir. 2001) ("[The petitioner] bears the ultimate burden of proving his entitlement to benefit from the [prison mailbox] rule.").  Here, the "contrary evidence" is the March 2020 complaint itself, which acknowledges that it is not the same complaint the he allegedly signed and handed over for mailing in February 2019.  [D.E. No. 1 at p. 2, n. 1; D.E. No. 1-2]  The prison mailbox rule cannot be

---

[3] While Tutt admits that he did not put the correct signature date on his complaint filed in this case, the date of his cover letter to the Clerk of the Court that he included with his complaint is dated March 24, 2020.  [D.E. No. 1-2]  Thus, the Court will presume that Tutt actually signed his complaint on or around March 24, 2020.

8

stretched to give the plaintiff the benefit of the date that a completely different complaint (and one that was never received by the Court) was signed.

Cathers has also submitted an Affidavit of Randy Wiles, a Captain at the Pulaski County Detention Center ("PCDC"), the facility where Tutt was housed in February 2019 when he allegedly "handed over" his earlier complaint for filing. [D.E. No. 25-1] Wiles' affidavit attaches a copy of the PCDC's outgoing mail log from February 11, 2019, through February 15, 2019, which reflects that the only outgoing mailing from Tutt during that time period was a letter to L. Whitney on February 12, 2019. [*Id.*] Wiles further confirms that the PCDC does not have any documentation indicating the Tutt submitted a mailing addressed to any court on February 13, 2019. [*Id.*]

While Tutt disputes the reliability of the mail logs, the Court's decision need not turn on the mail logs, as Tutt concedes that, even if he did hand over a complaint for mailing in February 2019, this complaint was never received by the Court and it is not the same complaint that he filed in March 2020. Adopting Tutt's approach would permit a prisoner-plaintiff to circumvent any statute of limitations bar through the simple act of back-dating a complaint to reflect a date that he or she claims to have handed over a completely different complaint for mailing, a result inconsistent with reason and unwarranted by applicable precedent. Cf. *Buck*, 2011 WL 4073878, at \*2. For all of these reasons, the Court declines to apply the prison mailbox rule

9

to deem Tutt's March 2020 complaint as having been filed in February 2019, the date that he handed a different complaint over for filing.

**B.**

While not explicitly raised by Tutt, his request could be broadly construed as a request to equitably toll the statute of limitations, beginning on the date that he claims to have believed that he filed his complaint by placing it in his cell door. Equitable tolling permits a federal court "to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). However, application of equitable tolling in suits against the government should permitted only "sparingly, and not when there has only been a garden variety claim of excusable neglect." *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004). Indeed, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted)

The Sixth Circuit has identified five factors for a court to consider when determining whether to equitably toll the statute of limitations:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's

> reasonableness in remaining ignorant of the particular legal requirement.

*Truitt v. Cnty. of Wayne*, 148 F. 3d 644, 648 (6th Cir. 1998). "The propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id*.

Tutt does not claim that he did not have actual or constructive notice of the filing requirements, thus the first, second, and fifth factors are irrelevant. Consideration of the third factor weighs against the application of equitable tolling, as the Court concludes that Tutt was not diligent in pursuing his rights. Even assuming Tutt's allegations regarding his placement of his complaint in his cell door in February 2019 are true, and even putting aside whether placement of a legal document in a cell door is consistent with acting diligently to ensure that it is placed in the appropriate place for mailing, Tutt waited over a year to reach out to the Clerk of the Court to confirm whether his complaint had been received. *See United States v. Tutt*, 6:17-cr-040-CHB-CJS (E.D. Ky. 2017) at D.E. No. 652, Feb. 23, 2020 Letter from Tutt to the Clerk of the Court. Having heard nothing from the Court in the meantime [D.E. No. 20 at p. 4], the Court finds that Tutt's conduct is inconsistent with the diligent pursuit of his rights.

While Tutt also notes that he has never engaged the services of an attorney, nor did he have access to a law library while he was in pre-trial custody at several county jails, "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *United States v. Stone*, 68 F. App'x 563, 565 (6th Cir.

11

2003). And "the lack of legal assistance, ignorance of the law or the frustrations of typical prison conditions that make prison-based litigation difficult, such as transfers, lack of access to copies and legal materials, do not constitute exceptional circumstances justifying equitable tolling." *Portman v. Wilson*, No. 10-CV-169-KSF, 2010 WL 4962922, at *2 (E.D. Ky. Dec. 1, 2010) (citations omitted).

With respect to the fourth factor – absence of prejudice to Cathers – even if the Court found this factor to be neutral, "[t]he absence of prejudice…cannot serve as an independent basis for equitably tolling a limitations period, especially where, as here, the plaintiffs fail to demonstrate that any other factor supports tolling." *Zappone v. United States*, 870 F.3d 551, 558 (6th Cir. 2017). *See also Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified.").

Thus, after evaluating the applicable factors, the Court concludes that the application of equitable tolling is unwarranted in this case. For all of these reasons, Tutt's complaint is clearly untimely and its untimeliness cannot be cured by either the prison mailbox rule or by the application of equitable tolling. Accordingly, Cathers' motion will be granted and Tutt's complaint will be dismissed.

## IV.

While Cathers' motion to dismiss was pending before the Court, Tutt filed an amended complaint, which he claims "cures the limitation period issue raised by

[Cathers]." [D.E. No. 27, 28] Cathers' filed a motion to strike Tutt's complaint [D.E. No. 28] on the grounds that Tutt failed to request either Cathers' consent or leave of Court to amend his complaint, thus he failed to comply with the requirements of Fed. R. Civ. P. 15(a)(2). [D.E. No. 28] However, Tutt has since filed a formal motion requesting leave to amend, explaining that, being untrained in the law, he was not aware of the requirements of Rule 15. [D.E. No. 29][4] While parties proceeding *pro se* are granted some leniency, they are expected to be familiar with and follow this district's Local Rules and the Federal Rules of Civil Procedure. Even so, the Court finds that Tutt's failure to strictly comply with the requirements of Rule 15 has been cured and there has been no real prejudice to Cathers.

However, while the Court will deny Cathers' motion to strike, it will likewise deny Tutt's motion to file an amended complaint. [D.E. No. 29] Contrary to Tutt's belief, his tendered amended complaint [D.E. No. 27] does not cure the untimeliness of Tutt's complaint in this action. While Rule 15(a)(2) provides that leave to amend a complaint shall be given freely when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), the Court may deny leave to amend on the basis of futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment

---

[4] Cathers filed a response in opposition to Tutt's motion. [D.E. No. 31] Tutt did not file a reply and the time period for doing so has expired. L.R. 7.1(c).

is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). Thus, a proposed amendment is futile where the claim to be added fails as a matter of law, such as where it is barred by the statute of limitations. *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459-60 (6th Cir. 2001) (affirming district court's finding that amendment would be futile with respect to claims barred by the applicable statute of limitations). *See also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

In his proposed amended complaint, Tutt adds allegations that he suffered a ruptured eardrum during the August 29, 2018 assault, but that he was informed by LCCC medical staff that the injury would heal and his hearing would not be affected. [D.E. No. 27 at p. 3] He then alleges that he was examined by Federal Bureau of Prisons ("BOP") medical staff on December 7, 2018 and was told that he had significant scarring of his right ear drum that would permanently affect his hearing. [*Id.*][5] He also alleges that, as of the date of his tendered second amended complaint, BOP staff have not sent him to be seen by an Ear-Nose-Throat specialist, nor had him undergo any testing to determine the extent of his hearing loss.

---

[5] Tutt, a federal prisoner, is currently incarcerated at FCI-Elkton in Lisbon, Ohio.

14

However, for purposes of the statute of limitations inquiry, a claim accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Here, while Tutt may not have appreciated the extent of his injury incurred in the August 2018 assault until December 2018, he undoubtedly knew that he had been assaulted and that he had been injured in August. Thus, his Eighth Amendment "failure to protect" claim (the only claim asserted here) accrued in August 2018.

Moreover, even if Tutt did allege a constitutional claim related to his medical treatment in December 2018, such a claim would still be untimely when he filed his initial complaint in March 2020, as the statute of limitations would have expired with respect to this claim in December 2019. Finally, to the extent that he suggests that he is not currently receiving adequate medical care at FCI-Elkton, the federal facility in Ohio, where he is currently housed, he may not pursue claims related to his medical care at a federal facility in Ohio against these Defendants, who are all officials at a local county facility in Kentucky.

For all of these reasons, Tutt's motion for leave to amend his complaint [D.E. No. 29] will be denied, as his proposed second amended complaint is futile.

## V.

Finally, although Tutt's amended complaint [D.E. No. 6] alleges claims against Cathers, Hubbard, and Medlock, only Cathers was served with summons, thus the motion to dismiss was brought only on Cathers' behalf. The Court previously discharged the obligations of the United States Marshals Service ("USMS") to serve the summons and complaint on Hubbard and Medlock on Tutt's behalf after their first attempt to do so was unsuccessful. [D.E. No. 16] In the Court's July 18, 2020 Order, the Court directed Tutt to ensure that Hubbard and Medlock are actually served with process within 90 days from the date of the Order, warning that his claims against them would be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) if he failed to do so. [D.E. No. 16] Tutt has filed no proof of service on either Hubbard or Medlock, thus dismissal of his claims against them is warranted.

While dismissal under Rule 4 for failure to timely serve a defendant within 90 days is typically without prejudice, here, Tutt's claims against Hubbard and Medlock are identical to his claims against Cathers and also arise from the August 2018 incident. Thus, Tutt's claims against Hubbard and Medlock are likewise barred by the applicable statute of limitations. For this reason, because Cathers' motion to dismiss will be granted and Tutt's complaint will be dismissed with prejudice, this dismissal will also encompass Tutt's claims against Hubbard and Medlock.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's construed motion for leave to file a sur-reply [D.E. No. 26] is **GRANTED**.

2. Defendant Travis Cathers' motion to dismiss [D.E. No. 15] is **GRANTED**.

3. Plaintiff's Amended Complaint [D.E. No. 6] is **DISMISSED WITH PREJUDICE**.

4. Cathers' motion to strike Plaintiff's tendered second amended complaint [D.E. No. 28] is **DENIED**.

5. Plaintiff's motion for leave to file a second amended complaint [D.E. No. 29] is **DENIED**.

6. Any pending request for relief is **DENIED AS MOOT**.

7. The Court will enter an appropriate Judgment.

8. This matter is **STRICKEN** from the Court's docket.

This 11th day of February, 2021.



Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**